ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 01-1785 (ADM/AJB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, PLAINTIFF, | ) | JOINT MOTION FOR STAY OF CIVIL FORFEITURE PROCEEDINGS AND ORDER |
| v. | ) | |
| $88,300.00 IN U.S. CURRENCY, DEFENDANT. | ) | |

The United States of America, plaintiff, and Patrick J. Matter, claimant, in the above-referenced civil forfeiture action, hereby agree to and move the Court for a stay of these civil forfeiture proceedings until resolution, through plea or trial, of a related criminal case in which Patrick J. Matter is a defendant. This motion is based on the following:

1. On September 27, 2001, a Complaint for Forfeiture *In Rem* was filed seeking forfeiture of $88,300 in U.S. currency seized from the residence of Patrick Matter on April 13, 2001. This civil action is based on the forfeiture authority contained in 21 U.S.C. § 881(a)(6). Although not formally stayed, this matter has been inactive since that time pending an active and ongoing criminal investigation.

2. On or about November 21, 2001, Patrick J. Matter filed a verified claim stating that he is the owner of the defendant currency. No other claims have been received, and the time for filing a claim has expired.

OCT 24 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

3. On September 18, 2002, a Superseding Indictment was filed in Criminal Action No. 02-36 (JMR/FLN), a copy of which is attached hereto and incorporated herein by reference.

4. The Superseding Indictment contains forfeiture allegations alleging forfeitures pursuant to 21 U.S.C. § 853(a)(1), (2) and (3), and 18 U.S.C. § 982(a)(1). The forfeiture allegations specifically identified the defendant currency seized from Patrick J. Matter on April 13, 2002, as subject to forfeiture pursuant to 21 U.S.C. § 853(a). Although Count 16 of the Superseding Indictment references approximately $83,000 in cash seized from Patrick Matter on April 13, 2001, the parties recognize and agree that the correct amount of cash seized on that date was $88,300 in U.S. currency.

5. Pursuant to the Pre-Trial Schedule entered in this civil forfeiture action, discovery is to be completed by November 1, 2002.

6. Title 18, United States Code, Section 981(g), provides that:

> (1) Upon motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
>
> (2) Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that-

> (A) the claimant is the subject of a related criminal investigation or case;
>
> (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
>
> (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

7. The stay provision contained in 18 U.S.C. § 981(g) applies to forfeiture actions brought under 21 U.S.C. § 881(a)(6). *See* 21 U.S.C. § 881(i).

8. Criminal Action No. 02-36 (JMR/FLN) is a related criminal case within the meaning of 18 U.S.C. § 981(g)(4).

9. Claimant Patrick J. Matter has standing to contest the forfeiture of the defendant currency, as required by 18 U.S.C. § 981(g)(2)(B), the defendant currency having been seized from Patrick J. Matter, who claims the defendant currency as owner.

10. Civil discovery will adversely affect the ability of the Government to conduct the prosecution of a related criminal case, by among other things, subjecting investigative agents to depositions and other civil discovery;

11. Continuation of the civil forfeiture proceeding will burden the right of Claimant Patrick J. Matter against self-incrimination in the related criminal case. *See, e.g. United States v. Certain Real Property . . . 4003-4005 5th Avenue,* 55 F.3d 78(2d Cir. 1995) (claimant in civil forfeitures faces the dilemma of remaining silent and allowing the forfeiture or

testifying against the forfeiture and exposing himself to incriminating admissions);

12. Forfeiture of the defendant currency may be resolved in the related criminal case, and the stay of this action may therefore conserve judicial resources by obviating the need for the litigation of this parallel civil action.

13. Based on the foregoing, the Plaintiff and the Claimant jointly request that this Court stay this action pursuant to 18 U.S.C. § 981(g) until the related criminal case is resolved, through plea or trial, or pending further order of this Court.

Dated: 10-23-02

THOMAS B. HEFFELFINGER
United States Attorney

BY: JAMES S. ALEXANDER
Assistant U.S. Attorney
Attorney I.D. 166145
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
612-664-5600

Re: Joint Motion for Stay of Civil Forfeiture Proceeding/Order
Civil No. 01-1785 (ADM/AJB)

Dated: October 18, 2002

Alan P. Caplan

BY: ALAN P. CAPLAN, ESQ.
630 Carolina Street
San Francisco, CA 94107
415-826-2371
Attorney for Claimant
Patrick J. Matter

**ORDER**

Based on the foregoing Joint Motion and the Court having determined that:

1. Claimant Patrick J. Matter is the subject of a related criminal case;

2. Claimant Patrick J. Matter has standing to contest the forfeiture of the defendant currency;

3. civil discovery will affect the ability of the Government to conduct the prosecution of a related criminal case; and

4. continuation of the forfeiture proceeding will burden the right of Claimant Patrick J. Matter against self-incrimination in the related criminal case;

IT IS HEREBY ORDERED that the civil forfeiture proceedings are stayed until the related criminal case, including forfeitures, is resolved through plea or trial, or pending further order of this Court

Dated: 10/24/02

Arthur J. Boylan
United States Magistrate Judge